FILED

DEC 2 1 2011

DAVID CREWS, CLERK
BY_____ Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**ODESSA WILLIAMS**
**AND MARY WILLIAMS**                                        **PLAINTIFFS**

**VS**                                   **CAUSE NO.** 4:11-CV-145-SAA-JMV

**CARROLL COUNTY, MISSISSIPPI, BY**
**AND THROUGH ITS BOARD OF SUPERVISORS;**
**CARROLL COUNTY SHERIFF JERRY CARVER,**
**IN HIS INDIVIDUAL CAPACITY AND JOHN DOES 1-10**          **DEFENDANTS**

## COMPLAINT
## TRIAL BY JURY

COME NOW Plaintiffs, Odessa Williams and Mary Williams, by and through undersigned counsel, and files this Complaint against named Defendants above and unknown Defendants in this action, and in support thereof alleges as follows:

### PARTIES

1.     Plaintiffs Odessa Williams and Mary Williams are husband and wife, and are adult resident citizens of Holmes County, Mississippi residing at 29170 Highway 17, Lexington, Mississippi.

2.     Defendant Carroll County is a political subdivision of the State of Mississippi and may be served with process by effecting the same upon the Chancery Clerk for Carroll County, Mississippi, Stanley Mullins, at the Carroll County Courthouse, 600 Lexington Street, Carrolton, Mississippi.  The Carroll County Mississippi Sheriff Department is a political subdivision of Carroll County, Mississippi. At all times relevant Carroll County Deputies referenced herein, were employed as sworn law enforcement officers for the County, and Carroll County, Mississippi Sheriff's Department.  Said Deputies, were there and then acting within the scope and authority of their employment and office.

3.     Defendant Carroll County Sheriff, Jerry Carver, individually, is an adult resident citizen of Carroll County, Mississippi, and at all times herein the duly elected Sheriff of Carroll County, Mississippi, may served with process personally or through his duly authorized designee at the Carroll County Sheriff's Department, or 600 Lexington Street, Carrolton, Mississippi.

4.     Defendants John and Jane Does 1-10, whose identities are unknown to the Plaintiffs at this time, are upon information and belief, deputies of the Carroll County Sheriff's Department.  All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against John and Jane Does 1-10.  Said John and Jane Does 1-10 when their identities are known, will be named and joined in this action, if necessary, pursuant to the Mississippi Rules of Civil Procedure.

**JURISDICTION**

5.     The Plaintiffs herein invoke this Court's federal question jurisdiction pursuant to 28 United States Code §§ 1331 and 1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by Plaintiffs, and caused by the blatant violation of the rights, privileges and immunities of the Plaintiffs as guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal Statutes, more particularly, 42 United States Code §§ 1983 and 1985(3).

6.     Further, the aforementioned violations of rights, privileges and immunities of Plaintiffs serve as a common nucleus of operative fact for Plaintiffs' claims under § 11-46-1 et. Seq. of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act (hereinafter "MTCA). Therefore, Plaintiffs herein invoke this Court's supplemental jurisdiction pursuant to 28 United States Code § 1367 to obtain a judgment for the costs of suit, including reasonable attorneys' fees and damages suffered and sustained by Plaintiffs caused by the

tortuous actions and violations of state-created rights compensable under MTCA.

## VENUE

7.      Venue is proper in this jurisdiction and district pursuant to 28 United States Code § 1391(b) in that the alleged acts and omissions of the Defendants occurred exclusively within the territorial limits of this judicial district and division.

## FACTS

8.      On or about March 9, 2011, at approximately 10:30 p.m., Plaintiff Odessa Williams and his friend, Albert Coffee, of 41 CR 243 Coila, Mississippi, were parked in their individual automobiles talking on the property of the Delta Power Station located on Highway 17 in Holmes County, Mississippi, when they were approached by Keith Conner of the Mississippi Highway Patrol in his patrol car. Patrolman Conner asked Mr. Williams and Mr. Coffee if "everything was ok". Mr. Williams and Mr. Coffee replied that they were doing ok. Patrolman Conner then drove off. Three to four minutes after Patrolman Conner departed, Mr. Williams was driving his vehicle off of the property of the Delta Electric Power Station, when several vehicles driven by deputies with the Carroll County, Mississippi Sheriff's Department arrived. A Carroll County Mississippi Deputy Sheriff exited his vehicle, as Mr. Williams was pulling onto the Highway 17 to head south to his home, and asked him to stop and what was he doing. Mr. Williams replied that they had already spoken to a Highway Patrolman. Mr. Williams then proceeded south at a normal rate of speed on Highway 17. Within seconds after he turned onto Highway 17, two or more Carroll County Mississippi Deputies, without provocation or warning, fired at least ten shots in the direction of Mr. Williams and his vehicle. The vehicle was hit at least eight (8) or more times by the shots fired by the Carroll County, Mississippi deputies.

9.      Plaintiff Williams, after the barrage of gunfire from the Carroll County deputies, and fearing for his life, continued to drive west on Highway 17, while being pursued by Carroll

County deputies for approximately one half (½) mile. Plaintiff then stopped his vehicle, got out, and ran into a nearby wooded area. Plaintiff Williams ran deep into the woods, through underbrush, crevasses, thorny bushes, and other flesh tearing, pain-inflecting plants, trees and insects.

10.    Plaintiff Williams ran because he feared for his life. Carroll County deputies, only minutes earlier, had shot eight (8) or more holes through his automobile, in a clear and unmistakable effort to kill him. Plaintiff Williams, up until that moment in his life, had never been faced with the rage and open hostility displayed by the Carroll County deputies, who under the color of law, and out of their jurisdiction, repeatedly and indiscriminately fired their weapons at an unarmed, and non-threatening citizen of Holmes County, Mississippi.

11.    Plaintiff Williams was so traumatized by the actions and assault on his person by the Carroll County deputies, that he remained in the woods for four hours. Plaintiff Williams came out of the woods with the help of his friends and family, including his wife, Plaintiff Mary Williams, and son, who had searched the woods through the night for him.

12.    Plaintiff Williams has had to seek and receive medical assistance for injuries he suffered to his legs, feet, ankles and back, as a direct and proximate result of the shooting and assault committed to his person on March 9, 2011 by the Carroll County Sheriff's Department, and its deputies. In addition to his physical injuries, Mr. Williams is suffering from mental anguish and emotional distress, and he is having trouble sleeping.

13.    Deputies with the Carroll County Sheriff's Department, at all times relevant were acting under color of state law and intentionally or with deliberate indifference and callous disregard of Plaintiff Odessa Williams' federal protected right.

14.    The Carroll County deputies' use of excessive force was the result of the policy, practice and custom of the Sheriff's Department of Carroll County, Mississippi. In addition,

4

Defendant Deputies' use of excessive force against Plaintiff Odessa Williams was the result of the policy, practice and custom of the Sheriff Department of Carroll County, Mississippi to inadequately supervise and discipline law enforcement officers who use excessive force. The inadequate supervision and discipline of law enforcement officers by the Sheriff and Sheriff Department of Carroll County, Mississippi has led to the unnecessary and illegal use of force.

15.    As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiff Odessa Williams has suffered physical, emotional and mental injuries, all of which entitles him to damages and relief under 42 U.S.C. § 1983.

### CLAIMS OF MARY WILLIAMS

16.    Plaintiff Mary Williams as a direct and proximate result of the actions of the Defendants as alleged and set forth herein has a loss of consortium claim for which she is entitled to an award of damages against the Defendants.

### COUNT 1
### ACTION FOR DEPRAVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

17.    The Plaintiffs hereby incorporate by reference and re-allege the information set forth in paragraph 1-16, supra. The Plaintiffs make the following allegations in Count 1 with respect to all Defendants.

18.    At all times material hereto, the Defendants, both named and unnamed, were vested with authority and the non-delegable duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, these Defendants commenced to engage in a course of conduct and to implement a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges, and immunities of Plaintiffs were violated. Specifically these Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of Plaintiffs':

5

a)      right to the equal protection of the laws of the United States of America pursuant to the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi;

b)      right to procedural and substantive due process of the law specifically pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America and Article 3, § 14 of the Mississippi Constitution of 1890 and pursuant generally to federal and Mississippi law; and

c)      right to be free from cruel and unusual punishment pursuant specifically to Eighth and Fourteenth Amendment to the Constitution of the United States of America and Article 3, § 28 of the Mississippi Constitution of 1890 and pursuant generally to federal and  Mississippi law.

### ACTS OF SHERIFF JERRY CARVER AND
### CARROLL COUNTY, MISSISSIPPI

19.      The violations complained in this Complaint for depravation of identifiable civil rights of Plaintiffs, include, but are not limited to, the use of unreasonable and deadly force, with deliberate indifference to the immediate, grave, and serious violations of Plaintiff Odessa Williams' rights, all of which caused or contributed to the unjustified deprivation of Plaintiff Odessa Williams' sacred rights to liberty and freedom.  Additionally, Defendants, Sheriff Jerry Carver, Carroll County, Mississippi, and the Carroll County Mississippi Sheriff Department, failed to adequately train deputies or hire properly trained deputies, all of which caused or contributed to unjustified deprivation of Plaintiff Odessa Williams and Mary Williams' sacred rights to liberty.

20.      Defendants, Sheriff Jerry Carver, and Carroll County, Mississippi, and its Sheriff's Department, deliberately and/or negligently implemented a policy, custom, usage, plan, practice, and/or design wherein the rights, privileges, and immunities of Plaintiffs Odessa

Williams and Mary Williams were violated. Upon information and belief, prior to the subject incident, said Defendants were on notice that there was a need to properly train, instruct and supervise the deputies employed by the Carroll County Sheriff's Department. However, said Defendants ignored this vital need, resulting in the unreasonable and unconstitutional custom, usage and policy in effect at the time of the injuries suffered by Odessa Williams and Mary Williams as complained of herein. The lack of training and supervision resulted in the deprivation of the constitutional rights of the Plaintiffs Odessa Williams and Mary Williams.

21. As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such defendants deprived Odessa Williams and Mary Williams of certain rights guaranteed by the Constitution of the United States and the of the State of Mississippi, Odessa Williams and Mary Williams experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Odessa Williams and Mary Williams' constitutional rights as outlined herein.

**COUNT II**
**ACTION FOR CONSPIRACY TO INTERFERE**
**WITH CIVIL RIGHTS (42 U.S.C. § 1985)**

22. Plaintiffs hereby incorporate by reference and re-allege the information set forth in paragraph 1-21, supra.

23. At all times material hereto, all Defendants named and unnamed, and their agents, representatives, and employees did conspire to deprive the Plaintiff, Odessa Williams, of the rights, privileges, and immunities guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi. Specifically, these Defendants, conspired as outlined in preceding paragraphs of this Complaint engage in a course of conduct that resulted in the violation of Odessa Williams' rights as outlined herein above.

7

24.     As a direct and proximate consequence of these Defendants' aforementioned conduct, wherein such Defendants conspired to deprive Odessa Williams of certain rights guaranteed by the Constitution of the United States and the Constitution of the State of Mississippi, Odessa Williams experienced pain, suffering, humiliation, degradation, and severe emotional and mental anguish and distress. Thus, these Defendants, both named and unnamed are jointly and severally liable for the deprivation of Odessa Williams' constitutional rights as outlined herein.

**COUNT III**
**ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

25.     The Plaintiffs hereby incorporate by reference and re-allege the information set forth in Paragraphs 1-24, supra.

26.     The actions and/or inactions of Defendants Carroll County, its Sheriff's Department, and Sheriff Jerry Carver, his deputies and the unnamed parties, during the illegal assault, pursuit, and denial of Odessa Williams' civil rights were reckless, intentional and so outrageous to such an extreme degree that it exceeded the bounds of decency and, thus is not tolerated by a civilized community. Odessa Williams suffered reasonably foreseeable damages as a result of these Defendants' conduct and should be compensated for this tort in accordance with the MTCA.

**COUNT IV**
**ACTION FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

27.     The Plaintiffs hereby incorporate by reference and re-allege the information set forth in Paragraphs 1-26, supra.

28.     The negligent actions and/or inactions of Defendants Carroll County, its Sheriff's Department, Sheriff Jerry Carver, and unnamed parties, during illegal denial of Odessa Williams' civil rights caused Odessa Williams reasonably foreseeable substantial mental

8

anguish. As a result, Odessa Williams should be compensated for negligent infliction of emotional distress in accordance with the MTCA.

## PRAYER FOR RELIEF

29.     WHEREFORE, PREMISES CONSIDERED, the Plaintiffs, Odessa Williams and Mary Williams, pray that upon the filing of this Complaint that this Honorable Court will set this matter for a full and complete trial by jury on the merits and upon completion of the same, enter a judgment granting the following relief:

a.     enter a judgment in favor of the Plaintiffs and against all Defendants, jointly and severally, for the actual or compensatory damages sustained by the Plaintiffs, pursuant to 42 United States Code sections 1983 and 1985, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America and the corresponding sections of the Constitution of and Code of the State of Mississippi, from which the Defendants did cause the unlawful, physical pain and suffering, infliction of emotional distress, mental anguish, degradation, humiliation, and any other injury claims that  may be discovered during the course of this cause which the law holds the Defendants liable and responsible in an amount to be determined by a jury, but not less than 2,500,000.00;

b.     enter a judgment in favor of the Plaintiffs and against the Defendants, and OTHER UNKNOWN JOHN and JANE DOES 1-10, Individually, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in gross or reckless indifference to the welfare, safety, rights, privileges, and/or immunities of the Plaintiffs, in the amount to be determined by a jury, but not less than $2,500,000.00;

c.     enter a judgment in favor of the Plaintiffs and against Defendants, jointly and

severally, for damages arising from the physical and mental injuries suffered by Plaintiffs in accordance with the MTCA;

      d.      enter a judgment in favor of the Plaintiffs and against Defendants, jointly and severally, for damages arising from the tort of intentional infliction of emotional distress in accordance with the MTCA;

      e.      enter a judgment in favor of the Plaintiffs and against Defendants, jointly and severally, for damages arising from the tort of negligent infliction of emotional distress in accordance with the MTCA;

      f.      enter a judgment against all Defendants, jointly and severally, for the Plaintiffs' reasonable attorney's fees pursuant to 42 United States section 1988, all costs of this action and related litigation expenses and expert fees; and

      g.      enter a judgment in favor of the Plaintiffs and against Defendants, jointly and severally, for such other relief, general or specific, as the Court may deem appropriate, just, and equitable in the premises.

Respectfully submitted, this the _11_ day of December, 2011.

> **ODESSA WILLIAMS and**
> **MARY WILLIAMS, PLAINTIFFS**
>
> BY:      _____
>            EDWARD BLACKMON, JR., MSB #3354
>            *Attorney for Plaintiffs*

OF COUNSEL:

Janessa E. Blackmon, Esq.
BLACKMON & BLACKMON, PLLC
907 West Peace Street
Post Office Drawer 105
Canton, Mississippi 39046
Telephone: 601-859-1567
Facsimile: 601-859-2311

Z:\oldFiles\PERSONAL.INJ\Odessa Williams\COMPLAINT 12.14.11.docx